**Louis F. ARCIERI, Plaintiff-Appellee,**

v.

**The ERIE LACKAWANNA RAILWAY COMPANY, Defendant-Appellant.**

**No. 72–1872.**

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1973.

Decided Aug. 29, 1973.

---

Robert C. McFadden, Arter & Hadden, Cleveland, Ohio, for defendant-appellant.

Harold H. Sayre, Metzenbaum, Gaines, Finley & Stern, Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The validity of a six-member jury, prescribed by a local District Court rule, is challenged on this appeal for the first time in this Circuit. The case was tried before a jury of six. Neither party re-quested a six member jury nor agreed to it.

█ In Colegrove v. Battin, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (June 21, 1973), the Supreme Court held that a local court rule providing that a jury for the trial of civil cases shall consist of six persons comports with the Seventh Amendment requirement and the coextensive statutory requirement of 28 U.S.C. § 2072, and is not inconsistent with Rule 48, Fed.R.Civ.P. Upon authority of that decision, we hold that the six-member jury rule applied in the present case is valid.

This is an appeal from a jury verdict for the plaintiff in a Federal Employers' Liability Act case. 45 U.S.C. § 51 et seq.

The railroad did not present any direct evidence as to the circumstances surrounding the accident, but concentrated its defense on the issue of damages. The jury returned a verdict for the plaintiff of $140,000. The District Court ordered a remittitur of $14,000. The railroad appeals.

█ It is contended that the District Court erred in limiting its grant of remittitur to $14,000 and that the judgment for plaintiff was contrary to the manifest weight of the evidence. In Gault v. Poor Sisters of St. Frances, 375 F.2d 539, 548 (6th Cir. 1967), this court held that refusal of a District Court to grant a remittitur may be reviewed only to determine if the verdict is grossly excessive or "shocking to the conscience." Here the injured employee was 53 years old at the time of his injury and 56 when the verdict was returned. There was competent evidence that plaintiff is permanently deprived of the opportunity to obtain future gainful employment. In view of the evidence as to his injuries, loss of future earnings and the right of the jury to award damages for pain and suffering, we cannot say that a judgment for $126,000 is grossly excessive or shocking to the conscience of the Court. See, Grunenthal v. Long Island R. R.

Co., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed. 2d 309 (1968).

All other contentions of the railroad have been considered and we find no reversible error.

Affirmed.